John P. CRIVELLO et al., Plaintiffs,

v.

FOUR BROTHERS, INC., Defendant,

v.

John MULLARKEY and Golden Chicken Operators Association, Inc., Additional Parties on Counterclaim.

No. 72–C–239.

United States District Court, E. D. Wisconsin.

May 5, 1976.

Charne, Glassner, Tehan, Clancy & Taitelman by William E. Glassner and F. Thomas Olson, Milwaukee, Wis., for plaintiff and additional parties.

Godfrey & Kahn by William B. Graves, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Separate motions for summary judgment have been filed by the defendant against each of the plaintiffs and against the additional parties on the counterclaim. These motions for summary judgment relate to the first six counterclaims of the defendant.

The plaintiffs' action is for an alleged violation of the antitrust laws. With its answer, the defendant counterclaimed against each of the plaintiffs and against the additional parties on the counterclaim for sums claimed to be due for food, supplies and a proportional share of advertising expense. By these motions for summary judgment, the defendant seeks a current and final resolution of such contract claims against the plaintiffs and urges that such claims should be independently resolved, without reference to the plaintiffs' antitrust action.

The defendant's principal contentions are that "all or substantial part of the amounts demanded by the defendant have been admitted by the plaintiffs on their depositions or in response to admissions," and that the plaintiffs' antitrust defense is legally insufficient pursuant to *Kelly v. Kosuga*, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959). The clear import of *Kelly* is the rejection of the plea of Sherman Act illegality as a defense to a contract action. Said the Court at p. 519, 79 S.Ct. at p. 431, 3 L.Ed.2d at p. 477:

"[t]he Sherman Act's express remedies could not be added to judicially by including the avoidance of private contracts as a sanction."

The case at bar would not, in my view, qualify under the narrow exception to *Kelly* set forth in *Dickstein v. du Pont*, 443 F.2d 783 (1st Cir. 1971). There, at p. 786, the Court said:

"But antitrust defenses are allowed only in cases where the intrinsic illegality of the contract is so clear that enforcement would make a court party to the precise conduct forbidden by the law."

The defendant is entitled to summary judgment as to its contract claim provided the essential facts are not in dispute. The affidavits accompanying the plaintiffs' brief in this matter do not show that there are material issues of fact regarding the defendant's contract claims; each of such affidavits describes abuses as to the pricing practices of the defendant. Thus the affidavits challenge the defendant's antitrust conduct but do not otherwise contradict the defendant's claim for contractual relief. It is appropriate for the court to adopt the defendant's contentions that the plaintiffs have admitted the contractual debt and that there are no material facts in dispute as to the defendant's contract claim.

The defendant is entitled to summary judgment against the plaintiffs and against the additional parties on the first six counterclaims. It also is entitled to have such summary judgment treated as final under Rule 54(b), Federal Rules of Civil Procedure.

Therefore, IT IS ORDERED that the defendant's motions for summary judgment on its first six counterclaims be and hereby are granted pursuant to Rules 54(b) and 56, Federal Rules of Civil Procedure.