In re ALPINE LUMBER AND NURSERY, a general partnership consisting of Kenneth Walling, Linda Walling, George Martinez and Mary Jane Martinez, dba Santee Hardware and Lumber, Debtors.

Bankruptcy No. 81–00607–K.

United States Bankruptcy Court,
S. D. California.

Sept. 14, 1981.

Louise Malugen, San Diego, Cal., for debtor.

Dean T. Kirby Jr., Stephenson & Prairie, San Diego, Cal., for Alfred D. Hinkle and Alice L. Hinkle.

David L. Buchbinder, San Diego, Cal., trustee in pro. per.

## MEMORANDUM OF DECISION

HERBERT KATZ, Bankruptcy Judge.

On February 27, 1981 an involuntary Chapter 7 petition was filed against the debtor. On May 28, 1981 an interim trustee was appointed for cause, pursuant to 11 U.S.C. §§ 303(g) and 701.

On June 26, 1981, prior to the trial on the involuntary petition, the general partners of the debtor filed a "conversion of involuntary proceeding to Chapter 11." The application provided that the conversion was made pursuant to 11 U.S.C. § 706(a).

Shortly thereafter a question arose as to whether the interim trustee was entitled to continued possession of the debtor after the voluntary conversion was filed. In this regard the debtor sought an order for possession of the property pursuant to § 348(e). It was the debtor's contention that the filing of the voluntary Chapter 11 automatically terminated the services of the trustee and therefore they were entitled to immediate possession of the premises.

On July 8, 1981 a hearing was held to determine the rights of the respective parties. At the hearing this court ruled from the bench that the interim trustee would remain in possession of the debtor's business. This memorandum is filed to clarify this court's prior ruling.

Section 348(e) of the Code (11 U.S.C. § 348(e)) provides that "[c]onversion of a case under 706, 1112, or 1307 of this title terminates the services of any trustee or

examiner that is serving in the case before such conversion." The debtor contends that a conversion from an involuntary Chapter 7 to a voluntary Chapter 11 is a conversion under 11 U.S.C. § 706. The debtor further argues that 11 U.S.C. § 1104(a) only allows the appointment of a Chapter 11 trustee after the commencement of a case and upon request of a party in interest. Since it appears that a court cannot appoint a Chapter 11 trustee *sua sponte*, it is argued that the appointment of an interim trustee in an involuntary case cannot survive the conversion to a Chapter 11 absent an agreement or request by a party in interest.

■ While the argument of the debtor is persuasive, this court holds that a voluntary request for entry of an order for relief in a Chapter 11 is not a conversion of a case under 11 U.S.C. § 706 and therefore § 348(e) does not remove the interim trustee from possession of the debtor's estate.

■ Under 11 U.S.C. § 303 an involuntary case may be commenced under Chapter 7 or 11. This involuntary case does not become a case under Chapter 7 or Chapter 11 until the order for relief is entered. The rationale for this rule lies in the very nature of an involuntary case. An involuntary case is in essence a civil suit requesting a judgment that an order for relief be entered based on the provision of § 303(h)(1) and (2). This conclusion is supported by the requirement that an involuntary petition must be served on the debtor along with a summons. Bankruptcy Rule of Procedure 111. Additionally, until an order for relief is entered in the case, the debtor may continue to use, acquire or dispose of property as if the involuntary case had not been commenced. 11 U.S.C. § 303(f).

The rule laid down by this court is consistent with the nature and purpose of bankruptcy to protect the assets of the estate. Under Chapters 7 and 13 trustees are appointed as a matter of course. See 11 U.S.C. §§ 701, 1302. Under Chapter 11 a trustee is only appointed for cause. See 11 U.S.C. § 1104.

After viewing the possible conversions, the only case in which a trustee is not automatically replaced by another trustee is a conversion of a Chapter 7 to a Chapter 11. The continuation of a trustee in this situation is not mandated because no cause has been shown for the appointment of a Chapter 11 trustee. This, however, should be contrasted with the rule that a debtor may not request conversion of a Chapter 11 to a Chapter 7 after a trustee has been appointed in the case. 11 U.S.C. § 1112(a).

■ In the involuntary case an interim trustee may only be appointed if such appointment is necessary to preserve property of the estate or prevent loss to the estate. 11 U.S.C. § 303(g). The continuation of an interim trustee until further order of the court after the debtor has filed a voluntary Chapter 11 serves a useful purpose in protecting property of the estate. To hold otherwise would give a debtor the unfettered discretion to remove a trustee who had been appointed for cause, as well as an inexpensive opportunity to avoid the bonding requirements of 11 U.S.C. § 303(g).

A reading of 11 U.S.C. § 348(e), as urged by the debtor would permit a debtor, whose assets were found to require the appointment of trustee for their safekeeping, to circumvent the nature and purpose of an involuntary petition in bankruptcy by the simple expedient of agreeing to the entry of an order for relief under Chapter 11 of the code.

■ Once cause has been found to exist for the purposes of appointing an interim trustee pursuant to § 303(g), the alleged debtor may remove him by but two methods. One is to post a bond as set forth in § 303(g). The other may be to convince the court, after a noticed hearing, that the causes which led to the appointment in the first place are no longer present. Neither was done here. A voluntary filing of a Chapter 11 is not a substitute for the proper way to remove an interim trustee, once appointed for cause.