### In re TECHNICAL FABRICATORS, INC., Debtor.

### TECHNICAL FABRICATORS, INC., Debtor and Appellant,

### v.

### LYMAN STEEL COMPANY, et al., Petitioning Creditors and Appellees.

Bankruptcy No. 85–00871.

Civ. A. No. 86–0760–H.

United States District Court, S.D. Alabama, S.D.

Sept. 22, 1986.

Chandler Kite Stanard, Mobile, Ala., for debtor and appellant.

C. Michael Smith, Mobile, Ala., for trustee.

M. Donald Davis, Jr., Mobile, Ala., for petitioning creditors and appellees.

## ORDER

HAND, Chief Judge.

Appellees (petitioning creditors) filed an involuntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code against appellant (debtor), Technical Fabricators, Inc. Debtor is a corporation engaged in the process of metal fabrication. Creditors include Lyman Steel Company, O'Neal Steel, Inc., Avondale Shipyards, Inc., Tristate Steel Sales, Inc., and C.F. Arrowhead Services, Inc.

Following a hearing on the petition, the Bankruptcy Court entered a an order for relief pursuant to 11 U.S.C. § 303(h). Debtor subsequently appealed to this Court the granting of the petition. After filing notice of appeal, debtor also filed a motion for conversion under 11 U.S.C. § 706(a). Creditors responded by filing a motion to dismiss the appeal as moot in light of debtor's conversion under 706(a). After careful consideration of the material provisions of the Bankruptcy Code, this Court agrees that debtor's appeal is now moot.

■ As a preliminary matter, the Court must address the dispute among the parties over whether debtor instituted a conversion under to § 706(a) or filed a voluntary Chapter 11 petition in bankruptcy pursuant § 301. See *In re Alpine Lumber and Nursery*, 13 B.R. 977 (Bankr.S.D.Cal. 1981). Having heard evidence on the matter, the Court finds that debtor converted the proceeding under § 706(a).

Section 706(a) of the Bankruptcy Code states, in relevant part:

> The debtor may convert a case under this chapter to a case under chapter 11 or 13 of this title at any time, if the case has not been converted under section 1112 or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

Section 706(a) gives debtors a one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. This conversion right is based on the policy that debtors should be given the opportunity to repay their debts. *See Senate Report No.* 989, 95th Cong., 2d Sess. 94, *reprinted in* 1978 *U.S. Code Cong. & Ad.News* 5787, 5880.

■ The effects of a conversion under § 706 are described by § 348 of the Code. Section 348(a) provides as follows:

Conversion of a case from a case under one chapter of this title to a case under another chapter of this title *constitutes an order for relief* under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

(Emphasis added).

As § 348(a) indicates, a conversion "constitutes an order for relief," just as the filing of a voluntary petition "constitutes an order for relief" under § 301. The Bankruptcy Court is entitled to proceed with relief under the Chapter to which the case is converted without further need to litigate whether the debtor is paying its debts as they become due or whether the debts are the subject of a bona fide dispute. 11 U.S.C. § 303(h)(1). The issues under § 303(h)(1) must be litigated before the Bankruptcy Court can order relief in involuntary proceedings. A conversion, however, under § 706(a), insofar as it "constitutes an order for relief," obviates the need for further litigation of the issues under § 303(h)(1). Thus, debtor's appeal of the Bankruptcy Court's findings under § 303(h)(1) became moot following the conversion of the case under § 706(a).

Creditors' motion to dismiss debtor's appeal as moot is GRANTED. It is so ORDERED.