**In re Wayne J. KLEIN, Debtor.**

**No. 87 C 4277.**
**(No. 86 B 19937).**

United States District Court,
N.D. Illinois, E.D.

Aug. 12, 1987.

William M. Brandt, John B. Wolff, Chicago, Ill., for debtor-appellant.

Lawrence R. Moelmann, Donald E. Johnson, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for appellee.

**MEMORANDUM AND ORDER**

MORAN, District Judge.

This bankruptcy appeal has a curious history, and that history has led to a motion to dismiss. That motion is granted.

The debtor's construction business ran into financial difficulties and, accordingly, filed for protection under Chapter 11 of the Bankruptcy Code in August, 1986. In December, 1986, that proceeding was converted to Chapter 7. About two weeks later the debtor was himself the subject of an involuntary Chapter 7 petition. Following a hearing in March, 1987, the debtor was

---

adjudged an involuntary bankrupt. He thereupon appealed to this court, contending that the factual predicates for that status had been neither established nor determined or, to the extent determined, had been determined erroneously. He complained also about other aspects of the proceedings. While the appeal was pending and before the first brief had been filed, the debtor moved to convert his Chapter 7 bankruptcy case to a Chapter 11 case, pursuant to 11 U.S.C. § 706(a). That motion was granted May 29, 1987.

United States Fidelity & Guaranty Company (USF & G), one of the creditors who initiated the Chapter 7 proceeding, now moves to dismiss the appeal, relying upon *In re Technical Fabricators, Inc.*, 65 B.R. 197 (S.D.Ala.1986). And, indeed, if the debtor can reorganize under Chapter 11 then the factual predicates about which the debtor is concerned will be irrelevant. He will be entitled to relief under the chapter to which the proceeding has been converted. The debtor contends, however, that USF & G is seeking to reconvert the proceeding to Chapter 7 and is also appealing the conversion, so that this appeal is not moot. But the former is a motion seeking action by the Bankruptcy Court and the latter an appeal seeking action by the District Court. Until and unless one court grants the motion or the other reverses on appeal the debtor is not an adjudicated involuntary bankrupt but, rather, a debtor protected by Chapter 11 pursuant to his own voluntary petition. Should he again be relegated to Chapter 7 status he can then, but not until then, attack the processes which first brought him there.