**In re J.B. LOVELL CORPORATION, Debtor.**

**Bankruptcy No. 87–20057.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

March 14, 1988.

---

Frank W. Armstrong, Stewart, Melvin & House, Gainesville, Ga., for debtor.

Phillip S. McKinney and Linda O. Vinson, Rogers & Hardin, Atlanta, Ga., for petitioning creditor Carlisle.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

This matter came on for trial on February 29, 1988 on Carlisle Corporation's ("Carlisle") Chapter 7 involuntary petition against J.B. Lovell Corporation ("Lovell") filed February 4, 1987. For the reasons stated herein the court finds that there are no remaining issues to be tried and that an order for relief should be entered against Lovell.

On February 4, 1987, Carlisle filed an involuntary petition against Lovell asserting a claim of $916,064.86. On February 24, 1987, Lovell filed a motion to dismiss the involuntary petition which raised sever-

al defenses. Among other things, Lovell contended in its motion that not enough qualified petitioning creditors had joined in the petition, that there was a bona fide dispute as to Carlisle's claim against it, that it was generally paying its debts as they became due, and that the petition failed to state a claim on which relief could be granted.

On July 20, 1987, the court held a hearing on the motion to dismiss at which counsel for Lovell and Carlisle appeared.[1] Because two petitioning creditors, Stroud's Southern Printing and the Georgia Department of Revenue, had joined Carlisle in its involuntary petition, Lovell withdrew its motion to dismiss, and the court ordered Lovell to file an answer to the involuntary petition by July 30, 1987. An answer was served by mail on July 29 and filed on July 31, 1987. The answer has been treated as timely filed.

At the July 20, 1987 hearing, Lovell requested that the court rule on the issue of whether it was generally paying its debts as they became due. For purposes of ruling on that issue Lovell stipulated that Carlisle had a valid claim of $916,064.86 against Lovell. The court subsequently ruled by order of October 2, 1987 that Lovell was not generally paying its debts as they became due.

At that same hearing, Lovell also indicated that it intended to raise counterclaims and offsets to Carlisle's claim against it. The court stated that it would hold an evidentiary hearing on whether Carlisle's claim is subject to a bona fide dispute *if necessary*. The court recently examined Lovell's answer and determined that it only pleads a general denial of the allegations of Carlisle's involuntary petition. The answer wholly fails to raise or refer in any manner to affirmative defenses or counterclaims.[2] The court record reflects a letter dated August 3, 1987, ad-

---

1. Pursuant to the hearing a written order was entered on July 31, 1987 which elaborated the status of the case following the hearing and gave various directions to the parties.

2. Carlisle had a suit pending against Lovell in the United States District Court for the Northern District of Georgia. Lovell had raised various affirmative defenses and counterclaims in that suit.

dressed to the court with a copy to Lovell's counsel, in which Ms. Joyce Bihary, counsel for Carlisle, observed that debtor's answer to the involuntary petition did not contain any defenses in the nature of offsets nor counterclaims.[3] The letter went on to state, "Thus, it now appears that Lovell may not contend Carlisle's claim is subject to a bona fide dispute." Notwithstanding this August 3 letter, Lovell made no effort to amend its answer or to raise affirmative defenses, counterclaims or the bona fide dispute issue.

In early February 1988, the court, in reviewing its docket and this file, concluded that there appeared to be no issues raised by Lovell's answer other than those upon which the court had previously ruled. Accordingly, the court scheduled the matter for trial on February 29, 1988 and issued notice thereof to the parties. On that same date, as a courtesy to the parties, the court convened a telephonic conference with the parties to advise them of the trial schedule and that the court would hear and determine at trial any remaining issues. Lovell's counsel for the first time raised the possibility of amending its answer to set forth affirmative defenses and counterclaims not previously raised in its answer to the involuntary petition. The court advised Lovell's counsel that such amendment would not be allowed at that late date.

Notwithstanding the court's direction, counsel for Lovell advised he would formally move to amend. With trial date in hand, counsel delayed ten more days before mailing to the court a motion to amend Lovell's answer which motion was not received and filed until February 22, 1988, one week before trial. No brief accompanied the motion to amend. No amended answer was tendered with the motion although the motion to amend seeks to adopt by reference the October 7, 1986 answer and counterclaim in the District Court suit. The court file reflects that this motion came more than a year after the involuntary petition was filed and over six months after defend-

ant's answer. On February 24, 1988, Carlisle filed a brief in opposition to Lovell's motion to amend.

On the morning of Friday, February 26, 1988, after reviewing Lovell's motion to amend and Carlisle's response, the court prepared and early that afternoon entered an order denying the motion as untimely and because it would only serve to delay the trial set for the following Monday, February 29, 1988. Later that same afternoon, the court received a copy of a late-filed brief in support of Lovell's motion to amend.

At trial, Lovell requested that the court reconsider its order and allow it to amend its answer. Lovell seeks to assert the following affirmative defenses and counterclaims:

(1) Violation of the Robinson–Patman Act (Lovell contends that Carlisle violated antitrust laws in regard to price discrimination)

(2) Undue influence

(3) Duress

(4) Fraud

(5) Violation of U.C.C. Section 2–103(1)(b) (obligation of good faith)

(6) Trade slander

(7) Tortious interference with contract

Both counsel had previously been advised that the court did not feel it necessary and did not intend to try the District Court antitrust lawsuit as part of this involuntary petition. Instead the court would, if necessary, inquire into that issue sufficiently to determine whether the antitrust counterclaims placed the Carlisle claim in bona fide dispute within the meaning of Section 303(b)(1) of the Bankruptcy Code. This inquiry is unnecessary, however, for two reasons. Firstly, antitrust counterclaims do not affect the enforceability of the underlying contract, and secondly Lovell failed to timely assert any counterclaims or affirmative defenses in its answer.

**3.** This letter was received by the court on August 3, 1987 and was entered on the docket and placed in the court file on October 8, 1987.

■ The antitrust counterclaims, even if allowed, would not affect the enforceability of the amount owed on the contract for the sale of goods. Federal courts have consistently held that antitrust violations cannot be asserted to avoid paying for goods received. *Kelly v. Kosuga*, 358 U.S. 516, 518–21, 79 S.Ct. 429, 430–32, 3 L.Ed.2d 475 (1959); *Bruce's Juices, Inc. v. American Can Co.*, 330 U.S. 743, 750, 67 S.Ct. 1015, 1018, 91 L.Ed. 1219 (1947); *Viacom International, Inc. v. Tandem Productions, Inc.*, 526 F.2d 593, 596–600 (2d Cir.1975); *Crivello v. Four Brothers, Inc.*, 71 F.R.D. 218, 219 (E.D.Wis.1976); *Kusan, Inc. v. Puritan Mills, Inc.*, 693 F.Supp. 1118, 1120–21 (N.D.Ga.1987) (Shoob, D.J.); *In re Bichel Optical Laboratories, Inc.*, 299 F.Supp. 545, 549 (D.Minn.1969); *In re Drexler*, 56 B.R. 960, 969–70 (Bankr. S.D.N.Y.1986).

The *Drexler* court in considering an involuntary petition held that, in general, a debtor's assertion of antitrust counterclaims, even if of substance, does not render the petitioning creditor's claim the subject of a bona fide dispute. *Drexler*, 56 B.R. at 969–70. *See also In re Ross*, 63 B.R. 951 (Bankr.S.D.N.Y.1986) (discussing counterclaims in general). The creditor in *Drexler* had obtained a final unstayed judgment against debtor which was pending on appeal prior to the filing of the involuntary petition. Unlike the situation in *Drexler*, in the subject case there has been no judgment; however, Lovell's stipulation that Carlisle has a valid claim of $916,064.86 against it is of similar effect. In both cases the underlying debt on the contract was established.[4]

Based on the foregoing, this court concludes that, even if Lovell had properly asserted its antitrust counterclaims of substance, such counterclaims do not render the Carlisle claim subject to a bona fide dispute. Lovell's antitrust counterclaims, even if allowed, would not affect the enforceability or operate as a setoff to Carlisle for the sale of goods. Thus, these counterclaims are not within the ambit and purpose of the bona fide dispute language found in Section 303 of the Bankruptcy Code.[5]

Lovell also argued at the February 29, 1988 hearing that its answer in the form of a general denial was sufficient to encompass the affirmative defenses and counterclaims that it now seeks to assert. Lovell's position is contrary to both the federal and bankruptcy rules of procedure. Fed.R. Civ.P. 8(c), made applicable in this involuntary case by Bankruptcy Rules 1018 and 7008, makes clear that affirmative defenses must be set forth affirmatively before they will be considered by the court. This rule provides:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, *duress*, estoppel, failure of consideration, *fraud*, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, *and any other matter constituting an avoidance or affirmative defense.* (emphasis added).

■ As a general rule, failure to plead an affirmative defense results in waiver of the defense and it is excluded as an issue in the case. *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir.1984); *Troxler v. Owens–Illinois, Inc.*, 717 F.2d 530, 532–33 (11th Cir.1983); *Ranger Insurance Co. v. Culberson*, 454 F.2d 857, 862, n. 1 (5th Cir. 1971) (fraud and misrepresentation); *Systems Inc. v. Bridge Electronics Co.*, 335 F.2d 465, 466 (3rd Cir.1964) (duress, fraud, and misrepresentation); *Worster Motor Lines, Inc. v. Lombardo*, 531 F.Supp. 106,

---

4. In *Drexler*, like the case at bar, the debtor admitted liability. The court asked debtor if he acknowledged the liability and debtor admitted that he owed the debt. *Drexler*, 56 B.R. at 963–64.

5. Senator Baucus, in explaining the reason for the addition of the bona fide dispute language, emphasized that it was intended to deal with debts that were legitimately contested as to liability or amount. [130 Cong.Rec. S7618 (daily ed. June 19, 1984)]. However, as previously emphasized, antitrust counterclaims do not affect the enforceability of the amount owed on the underlying contract for the sale of goods.

110 (W.D.Pa.1982) (setoff to a contract is an affirmative defense that is waived by failure to plead); *Bernard v. U.S. Aircoach,* 117 F.Supp. 134, 137–38 (S.D.Calif. 1953). [If a defendant has an affirmative defense it should be "pleaded in the original answer or some *seasonably* made amendment thereto." (emphasis in original)]. *See also* 5 C. Wright & A. Miller, *Federal Practice and Procedure,* Section 1278 at 339 (1969).

■ Furthermore, affirmative defenses are not raised by the assertion of a general denial. *Dobbs v. Vornado, Inc.,* 576 F.Supp. 1072, 1080–81 (E.D.N.Y.1983); *Affiliated Music Enterprises v. Sesac, Inc.,* 17 F.R.D. 509, 512 (S.D.N.Y.1955); *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure,* Section 1278 at 343 (1969). Two of the matters that Lovell seeks to assert, duress and fraud, are specifically listed as affirmative defenses. The other defenses constitute an avoidance of Carlisle's claim in the involuntary petition and, as such, should likewise have been affirmatively set forth in the answer.

■ Debtor also failed to comply with Bankruptcy Rule 1011 which provides that "[d]efenses and objections to the petition shall be presented in the manner prescribed by Rule 12." Rule 12 provides that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, *counterclaim,* cross-claim, or third-party claim, shall be asserted in the responsive pleading ..." [Fed.R.Civ.P. 12(b)] (emphasis added). Despite this provision, debtor failed to timely assert any counterclaims in its answer to the involuntary petition. Likewise, its motion to amend was not seasonably made. Based on the foregoing, the court concludes that Lovell's general denial answer does not raise the affirmative defenses and counterclaims that it now seeks to assert.

■ Lastly, debtor argues that a petitioning creditor has the burden of pleading the absence of a bona fide dispute, which Carlisle failed to do. *See In re Equidyne Properties, Inc.,* 60 B.R. 245, 247 (Bankr.S. D.N.Y.1986). Lovell first raised this as a possible issue in its late filed brief in support of its motion to amend filed on Friday, February 26, 1988, three days before trial. Lovell also raised the issue at trial in its oral motion for reconsideration. Yet at the July 20, 1987 hearing on the motion to dismiss, Mr. Savino, Lovell's counsel, affirmatively stated that his motion was based on the fact that the involuntary petition was defective. He went on to state, "It (the involuntary petition) is no longer on its face defective. It now makes out a case." (Transcript of July 20, 1987 hearing, page 21). Even if Carlisle was required to plead the absence of a bona fide dispute, it is a pleading defect that has been waived by Lovell. *See In re Equidyne Properties, Inc.,* 60 B.R. at 247.

Lovell has previously stipulated on the record that Carlisle has a valid claim against it in the amount of $916,064.86. Lovell's answer to the involuntary petition fails to raise any affirmative defenses or counterclaims or other setoffs that would place Carlisle's claim in bona fide dispute. Consequently, the court finds that there are no remaining contested issues in this case.

By agreement of counsel, for purposes of possible appeal, counsel for Lovell was given ten days from the trial on February 29, 1988, to prepare and file a written proffer of its evidence which it contends would show a bona fide dispute of Carlisle's claim. Accordingly, it is

ORDERED that on consideration of the petition filed on February 4, 1987 against J.B. Lovell Corporation under Chapter 7 of the Bankruptcy Code, an order for relief is GRANTED, and it is

FURTHER ORDERED that debtor shall file a list containing the name and address of each creditor, a schedule of assets and liabilities, a statement of financial affairs, a statement of current income and expenditures, and a statement of executory contracts within fifteen (15) days after entry of this order for relief, pursuant to Bankruptcy Rule 1007, and it is

FURTHER ORDERED that the clerk of this court shall notify debtor, its creditors, and other parties in interest that this order

for relief has been entered, that the filing of the petition operates as an automatic stay, and of the time and place scheduled for the meeting of creditors, and it is

FURTHER ORDERED that the United States Trustee shall appoint an interim trustee to serve in this case.

IT IS SO ORDERED.