**In re J.B. LOVELL CORPORATION, Debtor.**

**J.B. LOVELL CORPORATION,**
Plaintiff–Appellant,

v.

**CARLISLE CORPORATION,**
Defendant–Appellee.

No. 88–8559
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 27, 1989.

William F. Savino, Damon & Morey, Buffalo, N.Y., Frank W. Armstrong, Stewart, Melvin & House, Gainesville, Ga., for plaintiff-appellant.

Phillip S. McKinney, Rogers & Hardin, Atlanta, Ga., for defendant-appellee.

Before VANCE, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

The issue in this bankruptcy appeal is whether a debtor's conversion of a Chapter 7 involuntary proceeding to a Chapter 11 proceeding renders moot its appeal to the district court from the Bankruptcy Court's order granting the involuntary petition filed by debtor's creditors.

I. Facts

Carlisle SynTec Systems, a Division of Carlisle Corporation (Carlisle), manufactures commercial roofing and insulation products which it distributes nationwide. J.B. Lovell (Lovell) was a Carlisle distribution representative for a number of years

until Carlisle terminated their commercial relationship in 1986. Lovell had purchased about $1 million of Carlisle products and had failed to make any payments.

Carlisle filed suit against Lovell in federal court to recover the funds due. Lovell counter-claimed alleging various antitrust and common law causes of action. On February 4, 1987, Carlisle filed an involuntary petition against Lovell for relief under Chapter 7 of the Bankruptcy Code. Stroud's Southern Printing and the Georgia Department of Revenue joined in Carlisle's petition which the U.S. bankruptcy court granted on March 11, 1988 [1], 88 B.R. 459 (1988). The court held that because Lovell failed to properly raise any affirmative defenses or counter-claims, Carlisle's claim was not the subject of a bona fide dispute.[2] The court ordered Lovell to file a list of creditors, a statement of financial affairs including current income and expenditures, and a statement of executory contracts.

On March 14, 1988, Lovell filed a notice of appeal of the bankruptcy court's order to the district court. On the same day, Lovell voluntarily filed a motion to convert the bankruptcy action from a Chapter 7 involuntary proceeding to a Chapter 11 voluntary proceeding which the bankruptcy court granted on March 23, 1988. On appeal, the district court held that Lovell's appeal of the bankruptcy court's findings under Chapter 7 became moot following Lovell's conversion to Chapter 11. Lovell timely appealed.

## II.  Analysis

Because creditors and debtors in bankruptcy may conclude that they are proceeding under an inappropriate remedy, the Bankruptcy Code contains procedures which permit debtors and creditors to ei-

ther voluntarily or involuntarily change the type of remedy sought.[3] In particular, the Code provides that a debtor may voluntarily convert a pending proceeding under one chapter of the Code to another chapter. The Code provides in relevant part that:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an *order for relief* under the Chapter to which the case is converted, but, except for as provided in subsection (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C.A. § 348(a) (1979) (emphasis added). Under § 706, the Code grants debtors a one-time absolute right to voluntarily convert a Chapter 7 proceeding against them into a Chapter 11 reorganization proceeding or Chapter 13 individual repayment plan:

> The debtor may convert a case under this chapter to a case under chapter 11 or 13 of this title at any time, if the case has not been converted under section 1112 or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C.A. § 706(a) (1979). This conversion right is a based on the policy that debtors should be given the opportunity to repay their debts rather than be subject to involuntary liquidation. 1978 *U.S. Code Cong. & Ad. News,* 5787, 5880; *Matter of Jennings,* 31 B.R. 378, 380 (Bkrtcy.S.D. Ohio 1983); *In re Mead,* 28 B.R. 1000, 1002 (E.D.Pa.1983).

Lovell argues that its appeal is not moot because Carlisle's claim was the subject of

---

1. The court's order was entered on its docket sheet on March 14, 1988.

2. Lovell initially filed a motion to dismiss the involuntary petition claiming there were not enough qualified petitioning creditors, there was no bona fide dispute, and that it was paying its debts as they became due. Record. Vol. 1, Tab 2 at 1. Lovell withdrew this motion but attempted to reassert these (and other) defenses shortly before trial. The bankruptcy court de-

nied Lovell's motion to amend and also noted that Lovell had previously stipulated on the record that Carlisle had a valid claim against it in the amount $916,064.86. *Id.* at 9. For purposes of appeal and by agreement of counsel, the court permitted the parties to file evidence which would show a bona fide dispute of Carlisle's claim. *Id.*

3. *D. Cowans, Bankruptcy Law & Practice,* § 3.31, at 343 (1987).

a "bona fide dispute" under § 303(h)(1)[4] thereby disqualifying Carlisle as a petitioning creditor under Chapter 7. Lovell claims a judicial interpretation of § 348(a) that moots its appeal would be an "absurd" result. Lovell complains that because it was "forced" into a Chapter 7 proceeding, it should be able to pursue its challenge to having been placed in bankruptcy involuntarily without prejudicing its right to convert to a Chapter 11 proceedings.

Carlisle argues that because Lovell chose to voluntarily convert the Chapter 7 proceeding to a Chapter 11 proceeding, Lovell is bound by its decision to abandon Chapter 7 issues. Two district court decisions assist our analysis. In *In re Technical Fabricators, Inc. v. Lyman Steel Co., Inc.*, 65 B.R. 197 (S.D.Ala.1986), the bankruptcy court entered an order for relief pursuant to 11 U.S.C. § 303(h) in involuntary proceedings against a debtor. The debtor then filed an appeal from the Chapter 7 proceeding and simultaneously filed a motion for conversion to Chapter 11. The creditor filed a motion to dismiss the appeal as moot in light of the conversion.

In dismissing the debtor's appeal, the court stated that a § 706(a) conversion motion constitutes an order for relief under § 348(a) just as the filing of a voluntary petition constitutes an order for relief under 11 U.S.C. § 301 (voluntary cases).[5] *Id.* at 199. The court explained:

> The Bankruptcy Court is entitled to proceed with relief under the Chapter to which the case is converted without further need to litigate whether the debtor is paying its debts as they become due or whether the debts are the subject of a

bona fide dispute [under 11 U.S.C. § 303(h)(1) ].

*Id.* The court therefore held that because a conversion under § 706(a) obviates the need for further litigation of § 303(h)(1) issues, "the debtor's appeal became moot following the conversion of the case under § 706(a)." *Id.*

The court in *In re Klein*, 77 B.R. 203, 204 (N.D.Ill.1987) relied on *Technical Fabricators* to reach a similar conclusion. In *Klein*, a debtor became subject to a Chapter 7 proceeding and was adjudged an involuntary bankrupt following a hearing. He appealed and contended that the factual predicates for involuntary status had not been met. While his appeal was pending and before the filing of any briefs, the debtor successfully moved to convert the Chapter 7 proceeding to Chapter 11.

One of the creditors in the Chapter 7 proceeding moved to dismiss the debtor's appeal as moot relying on *Technical Fabricators*. The debtor argued that the appeal was not moot because the creditor was concurrently seeking to reconvert the Chapter 11 proceeding to Chapter 7 and was also appealing the conversion to Chapter 11. The court dismissed the debtor's Chapter 7 appeal because the debtor "was entitled to relief under the chapter to which the proceeding has been converted [Chapter 11]." *Id.* at 204. Thus, the conversion of the Chapter 7 proceedings to Chapter 11 rendered moot the debtor's Chapter 7 appeal because the factual predicates of the appeal were no longer relevant. The court noted, however, that "[s]hould [the debtor] again be relegated to Chapter 7 status he can then, but not until then, attack the process which first brought him there."[6] *Id.*

---

4. This section, in pertinent part, provides that:
   If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition is filed. Otherwise, after trial, a court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—(1) the debtor is generally not paying such debtor's debts as such debts come due unless such debts are the subject of a bona fide dispute; ...
   11 U.S.C.A. § 303(h) (Supp.1989)

5. 11 U.S.C.A. § 301 (1979) provides:
   A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

6. For example, if the bankruptcy court granted the creditor's motion to reconvert or if the district court reversed the bankruptcy court's grant of the debtor's conversion motion on appeal, then the debtor would again be subject to a

We find the *Technical Fabricators* and *Klein* courts' holdings persuasive. Lovell's voluntary conversion under § 706(a) constitutes an election of remedies that obviates the need for further litigation of issues unique to Chapter 7. Thus, whether or not Carlisle's claim against Lovell in the Chapter 7 proceeding is a "bona fide dispute" under § 303(h)(1) of the Bankruptcy Code is irrelevant and Lovell's appeal is moot. Lovell voluntarily elected to pursue remedies under Chapter 11 rather than continue litigation in the original Chapter 7 proceedings. This election to convert the proceedings prevented Lovell from further pursuing Chapter 7 issues on appeal. Certainly Lovell is in no way restrained from contesting in the Chapter 11 proceeding the amount he owed Carlisle, if any. Lovell is merely forbidden from attacking the involuntariness of the Chapter 7 proceeding after he voluntarily sought protection of the bankruptcy laws in the Chapter 11 proceeding.

AFFIRMED.

Chapter 7 proceeding and could pursue his appeal.