**In re VICTOR FOODS, INC., Victor Orlowski, d/b/a Victor Foods, Inc., and as Statutory Trustee of Victor Foods, Inc., Sharon Orlowski, d/b/a Victor Foods, Inc., and as Statutory Trustee of Victor Foods, Inc., and Bruce Nangle, as Statutory Trustee of Victor Foods, Inc., Debtor.**

**Bankruptcy No. 89–00386–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

July 13, 1989.

Robert J. Blackwell, Operating Trustee, Clayton, Mo.

Mark A. Bertsch, Clayton, Mo., for Operating Trustee.

Canice Timothy Rice, Jr., Stephen J. Nangle, St. Louis, Mo., for debtor.

Jan Bond, St. Louis, Mo., for United Food and Commercial Workers Union Local 655.

Norman W. Pressman, St. Louis, Mo., for Crown Packaging Corp. and Popkin & Stern.

Francis X. Buckley, Jr., St. Louis, Mo., for Cross Roads Economic Development Corp. of St. Charles, Inc.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo.

Robert Mass, St. Louis, Mo., for original petitioning creditors.

William Moench, John H. Goffstein, St. Louis, Mo., for Union Welfare Fund.

Vincent D. Vogler, S. Paige Canfield, St. Louis, Mo., for Ryder Transp. et al.

## ORDER

JAMES J. BARTA, Chief Judge.

The expedited hearing upon the motion of the Chapter 11 Debtor to remove the Trustee was called on April 3, 1989. The Debtor appeared by co-counsel, Canice Timothy Rice, Jr., and Stephen J. Nangle, and presented oral argument upon the record. The following entities appeared by counsel and announced their opposition to the Debtor's motion: Mark A. Bertsch, Attorney for the Operating Trustee, Robert J. Blackwell; Norman W. Pressman, Attorney for Creditors Crown Packaging Corporation and Popkin & Stern; Vincent D. Vogler, Attor-

ney for Ryder Service, Inc., United Fruit & Produce, and Hartford Accident and Indemnity Company; Jan Bond, Attorney for United Food and Commercial Workers Union Local 655; Francis X. Buckley, Jr., Attorney for Crossroads Economic Development Corporation of St. Charles, Inc.; Robert Mass, Attorney for John V. Cusumano and for Baird, Kurtz and Dobson and for The Wisbrock Corporation, the original Petitioning Creditors; and William Moench, Attorney for the Union Welfare Fund.

Upon consideration of the record as a whole, the Court announced certain findings and conclusions from the bench which are set out herein. This case was commenced on January 27, 1989, by the filing of an Involuntary Petition requesting the entry of an Order for Relief under Chapter 7 of Title 11 of the United States Code. The Alleged Debtor was identified as Victor Foods, Inc., a Missouri Corporation. On February 27, 1989, the Alleged Debtor/Corporation filed a Motion to Dismiss the Involuntary Petition, and a Request for Additional Time to Plead or Respond. On the same date, the Petitioning Creditors filed an Amended Involuntary Petition, naming as Alleged Debtors: Victor Foods, Inc.; and Victor Orlowski, d/b/a Victor Foods, Inc., and as Statutory Trustee of Victor Foods, Inc.; and Sharon Orlowski, d/b/a Victor Foods, Inc., and as Statutory Trustee of Victor Foods, Inc.; and Bruce Nangle, as Statutory Trustee of Victor Foods, Inc. On the same date, the United Food and Commercial Workers Union Local 655 filed a memorandum joining in the Amended Involuntary Petition as a Petitioning Creditor.

Also on February 27, 1989, the Court conducted a hearing on the motion of the Local 655 to appoint an Interim Trustee and a concurrent request for injunctive relief. After considering the arguments of counsel for the Movant and for the Alleged Debtor, the Court granted the request for injunctive relief in part and continued the hearing on the motion to appoint an Inter-

im Trustee and for other relief to March 8, 1989.

After a full hearing on March 8, 1989, the Court entered an Order directing that the United States Trustee name a person to serve as Interim Trustee in this case. At the time of the appointment of the Interim Trustee, the Involuntary Petition had not been ruled upon, an order for relief had not been entered, and in fact, the Alleged Debtor had been granted additional time to file an answer or response to the Amended Involuntary Petition.

On March 21, 1989, the Alleged Debtor, Victor Foods, Inc., filed a "Motion to Convert to Chapter 11". An Order for Relief under Chapter 11 was subsequently entered as of March 21, 1989. Neither the Alleged Debtor's "Motion to Convert to Chapter 11", nor the Order for Relief referred to a termination of the appointment of the Interim Trustee. However, on March 24, 1989, upon the oral request of the Interim Trustee, an Order was entered specifically stating that the Order appointing the Interim Trustee had continued in the Chapter 11 case. Thereafter, on March 30, 1989, the Debtor filed a motion to remove the trustee, and an expedited hearing on notice was set for April 3, 1989.

The Debtor has argued that the Trustee's appointment was terminated upon the entry of the Order for Relief, pursuant to 11 U.S.C. § 348(e).[1] However, Section 348 applies to a conversion of a case from a case under one chapter to a case under another chapter. *See* Section 348(a). A voluntary case under a Chapter of the Bankruptcy Code is commenced by the filing of a petition under such chapter by an entity that may be a debtor under such chapter. *See*, 11 U.S.C. § 301. The voluntary case in the instant matter was commenced on March 21, 1989, when Victor Foods, Inc., presented a motion for the entry of an order for relief under Chapter 11. Prior to the filing of this motion, no order for relief had been entered with respect to Victor Foods, Inc., and no volun-

---

**1.** 11 U.S.C. § 348(e) states as follows: Conversion of a case under section 706, 1112, 1307, or 1208 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion.

tary case had been commenced. Therefore, the operative provisions of Section 348 did not apply because this case was not converted from a case under any chapter of Title 11. *See, In re Alpine Lumber and Nursery,* 13 B.R. 977 (Bankr.S.D.Cal.1981); *In re Technical Fabricators, Inc.,* 65 B.R. 197 (S.D.Ala.1986); *In re Cloverleaf Properties,* 78 B.R. 242 (Bankr. 9th Cir.1987); *In re Mason,* 709 F.2d 1313 (9th Cir.1983); *In re Scychelles,* Bankr.L.Rep. ¶ 69, 229 (Bankr.N.D.Tex.1983).

IT IS ORDERED that the Debtor's motion to remove the Operating Trustee is denied; and that Robert J. Blackwell is to continue in the Chapter 11 Reorganization case as the Operating Trustee; and ·

That the Debtor's oral motion for a rehearing is denied.