39 F.3d 1181
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re GATEWAY NORTH ESTATES, INCORPORATED, Debtor.
GATEWAY NORTH ESTATES, INCORPORATED, Plaintiff-Appellant,
v.
James R. JUDE; Sallye G. Jude; United States Trustee,
Defendants-Appellees.
 No. 94-1332.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges; and McKEAGUE, District Judge.*
 
 ORDER
 
 2
 This matter is before the court on the motion to dismiss filed by two of the appellees, the response in opposition to the motion, and a reply in support. The court has also reviewed the brief filed by the appellant and the brief tendered by the United States Trustee. This panel is in unanimous agreement that oral argument is not necessary in this case. Rule 34(a), Fed.R.App.P.; Rule 9(a), Local Rules of the Sixth Circuit.
 
 I.
 
 3
 The debtor, Gateway North Estates, Inc., is a corporation formed to hold real estate for investment. Its shareholders are James and Janice Elsman. The Elsmans and their son are also the officers of the corporation. In 1990, Gateway purchased from James and Sallye Jude a parcel of undeveloped real estate located in the Naples, Florida, area. The Judes retained a mortgage on the property. After Gateway defaulted on the loan, the Judes commenced an action in Florida state court and obtained a judgment of foreclosure. Five days before the foreclosure sale was scheduled to take place, Gateway filed a Chapter 11 petition in bankruptcy court.
 
 
 4
 The Chapter 11 petition designated James Elsman and an associate in his firm as Gateway's attorneys. Gateway listed three parcels of property as its assets: the parcel purchased from the Judes, another Florida parcel, and a smaller piece of real property in Michigan. Gateway noted that the other Florida parcel was also subject to foreclosure. The Judes, the mortgage holders with respect to the other Florida property, and the Elsmans were listed as secured creditors of Gateway. The Elsmans asserted they had made loans to Gateway during its existence. Also submitted with the petition was a short plan of reorganization which indicated that Gateway would intensify sales efforts for the real property and sell the properties at maximum market conditions.
 
 
 5
 The U.S. trustee moved to convert the Chapter 11 petition to one in Chapter 7, or, in the alternative, to dismiss the Chapter 11 petition pursuant to 11 U.S.C. Sec. 1112(b). In support the trustee argued that Gateway had not demonstrated adequate proof of insurance on the properties, had not set up a debtor-in-possession bank account, and was improperly represented by either Elsman or his associate because of Mr. Elsman's status as a shareholder and officer of Gateway. Shortly before the hearing on the trustee's motion, the Judes filed a concurrence in the motion and argued therein that the petition was filed in bad faith. The bankruptcy court conducted a hearing and concluded that there was no hope of reorganization. The court characterized the petition as "an indefinite holding action hoping that the property is going to be sold at some future date."
 
 
 6
 Gateway took an appeal to the district court. Several months later, while the appeal before the district court was pending, Gateway filed a petition for relief in bankruptcy under Chapter 7. On February 28, 1994, the district court affirmed the bankruptcy court's dismissal of the Chapter 11 petition. The district court noted that two of the debtor's three assets were under foreclosure, that there was no ongoing business, and that there was therefore no reasonable probability of reorganization. Thus, under authority of In re Winshall Settlor's Trust, 758 F.2d 1136 (6th Cir.1985), concluded the district court, dismissal of the Chapter 11 petition was warranted. This timely appeal was taken from the district court's order. The Chapter 7 petition remains pending.
 
 II.
 
 7
 The Judes have moved for dismissal of this appeal on grounds that Gateway's petition for relief under Chapter 7 has rendered moot any issues as to the dismissal of its Chapter 11 petition.[1] They further argue that the disposition of Gateway's property in the course of the Chapter 7 petition moots this appeal. We do not reach the second argument because we conclude that the debtor's decision to seek relief under Chapter 7 leaves this court unable to order any effective remedy in this appeal from the dismissal of the Chapter 11 proceeding.
 
 
 8
 In general, a bankruptcy appeal, like any other appeal, becomes moot if this court is unable to grant effective relief because of events during the appeal. In re DeLorean Motor Co., 755 F.2d 1223 (6th Cir.1983). Here, the debtor asks in its brief on the merits that we reverse the dismissal of its Chapter 11 petition and remand for further proceedings. Were the debtor successful in advancing this request, upon remand it would have both a Chapter 11 and a Chapter 7 petition pending with respect to the same assets. This, argue the Judes, is not permitted in bankruptcy law, and thus there is no effective relief which this court can order.
 
 
 9
 Several courts, acting in their bankruptcy appellate capacities, have concluded that similar appeals were moot. In In re J.B. Lovell Corporation, 876 F.2d 96 (11th Cir.1989), an involuntary petition for relief in Chapter 7 was filed by a creditor against the debtor. The bankruptcy court concluded that the creditor's claim was not the subject of bona fide dispute and ordered the debtor to make certain filings. The debtor appealed that order to the district court and at the same time filed a motion to convert the Chapter 7 proceeding to one in Chapter 11. The motion to convert was granted. The district court concluded that the appeal before it with respect to the Chapter 7 proceeding had become moot, and the Eleventh Circuit affirmed that conclusion. The court of appeals reasoned that a conversion motion constitutes an order for relief just as the filing of a voluntary petition constitutes an order for relief. Thus election to proceed under Chapter 11 rather than continue litigation in the original Chapter 7 proceedings "obviate[d] the need for further litigation of issues unique to Chapter 7." Id. at 99. See also In re Technical Fabricators, Inc., 65 B.R. 197 (S.D.Ala.1986); In re Klein, 77 B.R. 203 (N.D.Ill.1987).
 
 
 10
 These decisions are supported by the notion that a debtor may not have pending simultaneously petitions for relief under separate chapters of the Bankruptcy Code. See e.g. In re Bodine, 113 B.R. 134 (Bankr.W.D.N.Y.1990); In re Fulks, 93 B.R. 274 (Bankr.M.D.Fla.1988). That rule is generally grounded in Freshman v. Atkins, 269 U.S. 121 (1925), in which the Supreme Court held that the pendency of a petition in bankruptcy precluded the discharge of the same debts in a second petition. To allow such duplicative filings as a general rule would sanction "an easy avenue for abuse of the bankruptcy system...." In re Fulks, 93 B.R. at 276, citing Appelton v. Belmore, 68 B.R. 889 (Bankr.M.D.Pa.1987). In In re Standfield, 152 B.R. 528 (Bankr.N.D.Ill.1993), the court rejected the notion of simultaneous filings and reasoned that "[d]ebtors cannot select more than one form of relief in the same case and do not enjoy unlimited conversion rights." Id. at 538. This general disapproval of simultaneous filings in different chapters leads us to conclude that the instant appeal is meaningless in view of the Chapter 7 proceedings now being pursued by the debtor.
 
 
 11
 Gateway offers the explanation that it filed the Chapter 7 petition because it could not post a bond to stay the dismissal of the Chapter 11 proceeding. However, condoning such a procedure would lead to the same abuse of the bankruptcy process which is the concern of the cases cited above. For instance, in Standfield, the court noted that filing a second case rather than taking an appeal in the first case circumvents the appeal process. 152 B.R. at 535. It follows, that allowing an appeal from the dismissal of the first petition in bankruptcy to proceed after the debtor has elected to proceed under another chapter is waste of the finite appellate resources and circumvents a legitimate bankruptcy proceeding. This is especially true where, as in the instant case, the second petition has been allowed and liquidation of assets is proceeding.
 
 
 12
 We recognize that there may be instances in which a debtor's petition for relief in another chapter will not necessarily moot an appeal from a decision rendered in a prior chapter. See e.g. In re Nejberger, 934 F.2d 1300 (3rd Cir.1991). However, we conclude that in this particular case there is no effective relief which this court may grant, because a reversal will result in two simultaneous petitions with respect to the same debtor and the same assets. Therefore, this appeal shall be dismissed as moot.
 
 
 13
 The appellees also move for costs and sanctions pursuant to 28 U.S.C. Sec. 1927 and Rule 38, Fed.R.App.P. Upon consideration, sanctions are denied.
 
 III
 
 14
 In reaching these conclusions, we have had the benefit of the briefs on the merits filed by the debtor and the U.S. trustee. A review of those briefs convinces us that were this case not moot, we nevertheless would have affirmed the district court. Under 11 U.S.C. Sec. 1112(b), a Chapter 11 petition may be dismissed for a number of reasons, including inability to effectuate a plan. This court has recognized that bad faith in filing may be grounds for dismissal of a petition. In re Laguna Associates Ltd. Partnership, 30 F.3d 734, 737 (6th Cir.1994), citing In re Charfoos, 979 F.2d 390, 392 (6th Cir.1992) and In re Winshall Settlor's Trust, 758 F.2d 1136, 1137 (6th Cir.1985). Whether the debtor filed for relief in good faith is a discretionary determination that turns on the consideration of a number of factors. Laguna Associates, 30 F.3d at 738. In the instant case, the debtor's two major assets were subject to foreclosure, there was no day-to-day business conducted by the debtor, and the reorganization "plan" was correctly characterized as a holding action. Under these circumstances and the cited precedent of this court, the dismissal of the Chapter 11 petition was proper.
 
 
 15
 It is ORDERED that the motion to dismiss this appeal as moot is granted. The request for sanctions is denied.
 
 
 
 *
 Honorable David W. McKeague, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 As a procedural matter, the Judes also have moved to supplement the appellate record with docket entries from the debtor's Chapter 7 proceeding, the docket entries in the debtor's appeal from the order granting relief from the automatic stay in the Chapter 7 proceeding, and orders and judgments entered in the Florida courts with respect to the sale of the debtor's property. No opposition to this motion has been filed. Insofar as those documents are matters of public record, the motion is granted. Rule 10(e), Fed.R.App.P