17-1323-bk
*In re: Speer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: SPEER

            *Debtor*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SHERI SPEER,

            *Appellant*,

            v.                                          17-1323-bk

CLIPPER REALTY TRUST, SEAPORT
CAPITAL PARTNERS, LLC, MICHAEL
TEIGER, DR., SLS HEATING, LLC,

            *Appellees*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*       The Clerk of the Court is directed to amend the official caption to conform to the above.

FOR APPELLANT:                          Sheri Speer, *pro se*, Norwich,
                                        Connecticut.

FOR APPELLEES:                          Patrick W. Boatman, Law Offices of
                                        Patrick W. Boatman, LLC, East
                                        Hartford, Connecticut.

Appeal from orders of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 15, 2016 and March 30, 2017 orders of the district court are **AFFIRMED**.

In May 2014, appellees Clipper Realty Trust, Michael Teiger, and SLS Heating, LLC (the "Creditors") brought an involuntary Chapter 7 petition in the United States Bankruptcy Court for the District of Connecticut against debtor-appellant Sheri Speer. On August 5, 2014, the bankruptcy court granted the motion of appellee Seaport Capital Partners, LLC ("Seaport Capital Partners") to be added as a creditor. On November 11, 2014, the bankruptcy court granted the Creditors' Chapter 7 petition. Speer appealed that grant to the District of Connecticut on November 19, 2014, but while the appeal was pending, the bankruptcy court granted her motion to convert her case from Chapter 7 to Chapter 11, on January 5, 2015. On February 18, 2015, the district court granted the Creditors' motion to dismiss the appeal as moot, in light of the conversion.

On April 24, 2015, the bankruptcy court granted Seaport Capital Partners'

2

motion to re-convert the case back to Chapter 7. In a separate proceeding, Speer appealed the re-conversion grant to the District of Connecticut, and the district court affirmed the re-conversion order in a judgment on January 31, 2018. Speer appealed that judgment to this Court but defaulted on her appeal when she failed to file Form D-P, and her appeal was dismissed on April 2, 2018.

On December 29, 2015, in the proceeding that formed the basis of this appeal, the district court granted Speer's motion to reopen her initial appeal of the bankruptcy court's November 11 order, but ultimately dismissed the appeal as moot on July 15, 2016, again because of the original conversion to Chapter 11. The court denied Speer's motion for reconsideration on March 30, 2017. Speer filed a timely notice of appeal.[2] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## STANDARD OF REVIEW

This Court conducts a plenary review of orders of the district courts issued in their capacity as appellate courts in bankruptcy cases. *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018) ("[W]e engage in plenary, or de novo, review of the district

---

[2]     On appeal, we review the district court's July 15, 2016 order dismissing Speer's appeal as moot, and its March 30, 2017 order denying Speer's motion for reconsideration. While Speer only designated the district court's March 30, 2017 order denying Speer's motion for reconsideration for appeal, *see* Fed. R. App. P. 3(c) (requiring a notice of appeal to "designate the judgment, order, or part thereof being appealed"), we have held that we have jurisdiction to consider the underlying decision on an appeal from a motion for reconsideration where it is clear that the petitioner intended to appeal that decision and the respondents were not prejudiced, *United States v. Schwimmer*, 968 F.2d 1570, 1574-75 (2d Cir. 1992).

3

court decision."). We review questions of mootness *de novo*, because mootness is a question of law, *see Fund for Animals v. Babbitt*, 89 F.3d 128, 132 (2d Cir. 1996), and the denial of reconsideration for abuse of discretion, *see Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999). In addition, we are "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (internal quotation marks omitted).

## DISCUSSION

Speer's arguments on appeal are far from clear, but she appears to be making two principal arguments: (1) the original conversion of her case from Chapter 7 to Chapter 11 did not moot her appeal; and (2) the district court erred in re-converting her case back to Chapter 7. We analyze each argument in turn.

## I. The Original Conversion of Speer's Case

The original conversion of Speer's case from Chapter 7 to Chapter 11 mooted her appeal of the bankruptcy court's grant of the Creditors' Chapter 7 petition. A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (internal quotation marks and citation omitted). In a bankruptcy case, mootness can also be based on "jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief." *AmeriCredit Fin. Servs.*,

4

*Inc. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010) (internal quotation marks and citation omitted). "The conversion of a petition from one chapter to another generally moots an appeal taken from an order in the original chapter," *id.*, because a voluntary conversion is "an election of remedies that obviates the need for further litigation of issues" based on the original bankruptcy petition, *In re J.B. Lovell Corp.*, 876 F.2d 96, 99 (11th Cir. 1989). Moreover, a conversion generally renders a plan under the prior chapter irrelevant and leaves courts unable to provide effective relief with respect to that plan. *See AmeriCredit*, 604 F.3d at 755.

Here, the bankruptcy court granted Speer's motion to convert her case from Chapter 7 to Chapter 11. Accordingly, her appeal of the bankruptcy court's grant of the Chapter 7 petition is moot.

## II. The Re-Conversion of Speer's Case

In addition, Speer appears to be challenging the re-conversion of her case back to Chapter 7. She may be challenging the grounds of the re-conversion on the merits. But such objections are not properly before us. This case comes to us on appeal from the District Court's decision not to re-open Speer's initial objections to the first Chapter 7 order. It does not bring the re-conversion order itself up for review.

Speer may also be challenging the re-conversion on the grounds that, by re-converting the case to Chapter 7 from Chapter 11, the court un-mooted the challenge she originally made to the first Chapter 7 order. And the re-conversion arguably un-

5

moots her appeal of the grant of the Chapter 7 petition. We have not addressed the mootness implications of a converted petition being re-converted back to the original chapter. Other courts, however, have suggested that such a re-conversion un-moots the appeal. *See, e.g.*, *In re J.B. Lovell Corp.*, 876 F.2d at 98 & n.6 (noting that if a debtor's Chapter 11 petition is re-converted back to a Chapter 7 petition, "the debtor would again be subject to a Chapter 7 proceeding and could pursue his appeal; *In re Klein*, 77 B.R. 203, 204 (N.D. Ill. 1987) ("Should he again be relegated to Chapter 7 status he can then, but not until then, attack the processes which first brought him there."). While we have some doubt as to whether Speer's arguments remained moot once the case was re-converted back to a Chapter 7 case, we need not reach this issue because we conclude that Speer's claim as to the re-conversion is barred by res judicata.

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks, alteration, and citation omitted). In the circumstances of this case, Speer could have raised her arguments concerning the re-conversion of the case to a Chapter 7 proceeding in her prior appeal. Speer, however, failed to raise this claim -- or any claim -- during that appeal, all of the Creditors were included on that appeal, and that appeal was finally adjudicated. While the final adjudication consisted of a default judgment, we have long held that

6

"default judgments can support *res judicata*" because "[*r*]*es judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *Id.* at 626; *accord Morris v. Jones*, 329 U.S. 545, 550-51 (1947) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, . . . even if obtained upon a default." (quoting *Riehle v. Margolies*, 279 U.S. 218, 225 (1929)). Accordingly, Speer's claim that the bankruptcy court erred in re-converting the case to a Chapter 7 proceeding is barred by the doctrine of res judicata.

\* \* \*

We have considered all of Speer's remaining arguments and conclude they are without merit. For the foregoing reasons, the orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7