**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

JAMES EDWARD CAMPBELL,

Debtor.

---

COVINGTON CAPITAL
CORPORATION,

Appellant,

v.

JAMES EDWARD CAMPBELL,
Debtor,

Appellee.

No. 00-4195
(D.C. No. 00-CV-543)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **HOLLOWAY** , and **MURPHY** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Covington Capital Corporation challenges an order of the district court affirming the decision of the bankruptcy judge regarding the appropriate interest rate to be applied to a secured claim in a Chapter 13 proceeding.

Subsequent to the filing of this appeal, appellee James Edward Campbell exercised his statutory right to convert his Chapter 13 proceeding to a Chapter 7 proceeding. *See* 11 U.S.C. § 1307(a) (providing absolute right of Chapter 13 debtor to convert case). Accordingly, Campbell filed a motion to dismiss the appeal, arguing that the issue raised by Covington was moot in light of his conversion of the underlying action.

> Generally an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief. The central question in determining whether a case has become moot is whether the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.

*Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997) (quotations omitted).

Here, the only effective relief that could theoretically be granted to Covington would be a remand ordering the bankruptcy court to apply the proper interest rate in the Chapter 13 proceeding. This relief is no longer available,

however, as the proceedings have been converted to a petition under Chapter 7. For this reason, courts have recognized that a debtor's conversion of a bankruptcy proceeding from one chapter of the Bankruptcy Code to another generally obviates the need to further litigate the issues in the original proceeding, thereby mooting an appeal from the original proceeding. *See In re J.B. Lovell Corp.*, 876 F.2d 96, 98-99 (11th Cir. 1989); *see also In re Roller*, 999 F.2d 346, 347 (8th Cir. 1993) (appeal from Chapter 12 petition dismissed as moot where case was converted from Chapter 12 to Chapter 7 and conversion was not stayed); *In re Cook*, 730 F.2d 1324, 1326 (9th Cir. 1984) (appeal from bankruptcy court order in Chapter 11 proceeding mooted when case had been dismissed and a discharge obtained in separate Chapter 7 case).

Covington concedes that the funds in the possession of the Chapter 13 trustee are now delivered to the Chapter 7 trustee for distribution under the statutory scheme applicable to Chapter 7 proceedings, and further concedes that "this Court may not be able to grant effective relief to the specific parties in this appeal." Aplt. Resp. to Mot. to Dismiss at 7. Covington argues, however, that Campbell cannot assert mootness when the alleged mootness was brought about by his own actions. In support of this contention, Covington cites *Mills v. Green*, 159 U.S. 651, 653 (1895), which permits dismissal of an appeal when mootness results "without any fault of the defendant." Thus, Covington contends, *Mills*

prohibits Campbell from "self-dealing" a dismissal of the appeal by creating a mootness problem through his own actions. There is no support for the contention that Campbell's exercise of an absolute statutory right to convert his case to Chapter 7 constitutes "fault of the defendant" as that concept is used in *Mills*. Further, when mootness is based on "the inability of the court to grant effective relief, the conduct of the parties is irrelevant in determining whether the claim is moot." *In re Nat'l Mass Media Telecomm. Sys., Inc.*, 152 F.3d 1178, 1180 (9th Cir. 1998).

Covington also argues that this appeal falls under a public interest exception to the mootness doctrine, citing *Southern Pacific Co. v. Interstate Commerce Commission*, 219 U.S. 433 (1911). Covington asserts that the issue it presents in this appeal may arise repeatedly, yet evade review in light of the ability of Chapter 13 debtors to convert the underlying bankruptcy proceeding, citing *In re Commerce Oil Co.*, 847 F.2d 291, 293 (6th Cir. 1988) ("If the underlying dispute between the parties is one 'capable of repetition yet evading review' we may hear the case although it is technically moot.") (quotation omitted). Covington contends it will be subject to the same controversy in the future, and the nature and timing of a Chapter 13 case may repeatedly preclude effective review.

To meet the "capable of repetition yet evading review" exception to mootness, two conditions must be satisfied: (1) the challenged action must be in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the action again. *Fischbach v. N.M. Activities Ass'n*, 38 F.3d 1159, 1161 (10th Cir. 1994). The application of a particular rate in Chapter 13 proceedings is not an event of inherently limited duration such that it will always evade review. *See McAlpine v. Thompson*, 187 F.3d 1213, 1217 (10th Cir. 1999) (exception does not apply where party cannot demonstrate that future occurrences will be so short in duration that they will evade review).

In light of the conversion of the underlying proceeding, we are unable to grant any effective relief. Accordingly, the appeal is DISMISSED as moot.

Entered for the Court

Michael R. Murphy
Circuit Judge