**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

_____

In re: BOBBI J. HUNT, a/k/a Bobbi J.
Rupp; DAVID A. HUNT, JR.,

    Debtors,

---

WELLS FARGO BANK, N.A., doing
business as Wells Fargo Auto Finance,

    Appellant,

v.

WILLIAM H. GRIFFIN;
BOBBI J. HUNT, AKA Bobbi J.
Rupp; DAVID A. HUNT, Jr.,

    Appellees.

---

AMERICAN FINANCIAL SERVICES
ASSOCIATION; NATIONAL
AUTOMOBILE DEALERS
ASSOCIATION; KANSAS BANKERS
ASSOCIATION; FORD MOTOR
CREDIT COMPANY, LLC; INGRID
M. HILLINGER; MICHAEL
HILLINGER; ADAM J. SEVITIN;
MICHAELA M. WHITE; JEAN
BRAUCHER,

    Amici Curiae.

No. 07-3297

**APPEAL FROM THE BANKRUPTCY APPELLATE PANEL FOR THE
TENTH CIRCUIT COURT OF APPEALS
(KS-07-93)**

David G. Epstein, Haynes & Boone, LLP, Dallas, Texas, (Jill D. Olsen and
Michael P. Gaughan, South & Associates, P.C., Overland Park, Kansas, with him
on the briefs) for Appellant.

Kenneth M. Gay, Lenexa, Kansas, for Appellees.

Thomas J. Lasater and Lyndon W. Vix, Fleeson, Gooing, Coulson & Kitch,
L.L.C., Wichita, Kansas, and James J. White, Ann Arbor, Michigan, filed an
amici curiae brief for American Financial Services Association and National
Automobile Dealers Association.

Patricia E. Hamilton, Henson, Clark, Hutton, Mudrick & Gragson, LLP, Topeka,
Kansas, filed an amici curiae brief for Kansas Bankers Association.

William M. Burke, Costa Mesa, California, and Charles R. Hay, Foulston Siefkin,
LLP, Topeka, Kansas, filed an amici curiae brief for Ford Motor Credit Company,
LLC.

Elaine M. Dowling, Oklahoma City, Oklahoma filed an amici curiae brief for
Professors Ingrid M. Hillinger, Michael Hillinger, Adam J. Levitin, Michaela M.
White, and Jean Braucher.

Before **McCONNELL, SEYMOUR**, and **HOLMES**, Circuit Judges.

**HOLMES**, Circuit Judge.

On September 23, 2008, the Debtors-Appellees (the "Hunts") converted

their underlying bankruptcy case from a proceeding under Chapter 13 to one

under Chapter 7, in part because their 2005 Ford Freestar was totaled in an accident. The Hunts now have filed a motion to dismiss the appeal as moot. We conclude that the case is indeed moot due to the Hunts' conversion of their case to a different bankruptcy code chapter. *See In re J.B. Lovell Corp.*, 876 F.2d 96, 99 (11th Cir. 1989) ("Lovell voluntarily elected to pursue remedies under Chapter 11 rather than continue litigation in the original Chapter 7 proceedings. This election to convert the proceedings prevented Lovell from further pursuing Chapter 7 issues on appeal."); *cf. In Re Roller*, 999 F.2d 346, 347 (8th Cir. 1993) ("While the appeal was pending, the bankruptcy court converted the case from Chapter 12 to Chapter 7, and the Chapter 7 trustee distributed the Rollers' assets among creditors. . . . [T]he Chapter 12 petition [i]s moot.").

Wells Fargo argues that this appeal falls under an exception to the mootness doctrine, in that it presents a question that is capable of repetition, yet evading review. Under this exception, two conditions must be satisfied: (1) the challenged action must be in its duration too brief to be fully litigated before its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the action again. *Fischbach v. N.M. Activities Ass'n*, 38 F.3d 1159, 1161 (10th Cir. 1994).

Wells Fargo's arguments primarily focus on the first condition, stressing the allegedly large number of cases currently pending in the Kansas bankruptcy court involving the negative-equity issue of 11 U.S.C. § 1325(a) that is presented

3

in this appeal.[1]  Wells Fargo's arguments, however, are unpersuasive.

Specifically, Wells Fargo does not adequately identify characteristics of these

cases that would make it unlikely that they could be fully litigated before they

cease or expire.  Indeed, our review of pending Tenth Circuit cases suggests a

contrary conclusion.  In particular, we note that the negative-equity issue is likely

to be resolved in expeditious fashion in a case currently pending in our court that

has been fully briefed, *Ford v. Ford Motor Credit*, No. 08-3192 (10th Cir. filed

July 21, 2008).  Accordingly, having found the conditions for the claimed

mootness exception to be unsatisfied, we grant the Hunts' motion and **DISMISS**

the appeal as moot.

---

[1]  Put most simply, that issue is whether the incorporation of negative equity into certain pre-bankruptcy debtor motor vehicle financing transactions vitiates the purchase money security interest nature of those transactions for purposes of application of the creditor protection provisions of the so-called hanging paragraph of 11 U.S.C. § 1325(a).  *See, e.g.*, *GMAC v. Peaslee*, 373 B.R. 252, 255 (W.D.N.Y. 2007) ("The specific question . . . involves the extent to which a creditor holds a purchase money security interest . . . in connection with a motor vehicle sale in which the seller allows the buyer to roll in the negative equity on a trade-in vehicle, *i.e.*, the difference between the vehicle's outstanding loan balance and its market value, as part of the purchase price of the new vehicle." (internal quotation marks omitted)).