Louis F. SASSO and Alicia
A. Sasso, Debtors.

Louis F. Sasso and Alicia
A. Sasso, Appellants,

v.

John Boyajian, Chapter 13 Trustee, and
Phoebe Morse, United States
Trustee, Appellees.

BAP No. 08–080.
Bankruptcy No. 07–10520–ANV.

United States Bankruptcy Appellate Panel
of the First Circuit.

July 31, 2009.

Christopher M. Lefebvre, Esq., on brief for Appellant.

John Boyajian, Esq., on brief for Appellee, Chapter 13 Trustee.

Before LAMOUTTE, HILLMAN, and BOROFF, United States Bankruptcy Appellate Panel Judges.

BOROFF, Bankruptcy Judge.

Louis F. Sasso and Alicia A. Sasso (the "Debtors") appeal from an order of the bankruptcy court, entered October 6, 2008, denying their motion to dismiss their chapter 13 case (the "October 6 Order"). On appeal, the Debtors contend that the bankruptcy court erred in ruling that 11 U.S.C. § 1307(b) does not provide chapter 13 debtors with an absolute and unfettered right to dismiss their cases. The Debtors further argue that, even if there were a bad faith exception to 11 U.S.C. § 1307(b), the bankruptcy court erred as it made no express finding that such an exception applied in their case. The appellee, John Boyajian, chapter 13 trustee (the "Trustee"), contends that the bankruptcy court correctly decided the matter in light of the U.S. Supreme Court's ruling in *Marrama v. Citizen's Bank of Massachusetts (In re Marrama)*, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007), and correctly found that the Debtors had acted in bad faith. Unfortunately, we can not reach the bankruptcy judge's interpretation of 11 U.S.C. § 1307(b) or its application here, inasmuch as we believe that this appeal must be **DISMISSED** as moot.

## *BACKGROUND*

On March 28, 2007, the Debtors filed the instant chapter 13 case in the United States Bankruptcy Court for the District of Rhode Island. Their subsequently filed amended chapter 13 plan was confirmed on June 20, 2007. The case failed, however,

to solve the Debtors' problems and the court thereafter granted relief from the automatic stay under 11 U.S.C. § 362(a), pursuant to which the lender on their home was granted leave to foreclose. Their purpose for remaining in chapter 13 now gone, the Debtors filed a motion to dismiss their case under 11 U.S.C. § 1307(b). Although the Trustee initially consented, he subsequently objected to dismissal explaining that he had reason to believe that the Debtors had failed to disclose their interest in certain real estate acquired within the four years preceding the commencement of the case. Accordingly, the Trustee argued that the case should not be dismissed absent a more thorough investigation. The Debtors responded that the Trustee's concerns were insufficient to negate their right to dismissal-which they viewed as absolute under the provisions of 11 U.S.C. § 1307(b). A few weeks later, the United States trustee (the "UST") weighed in, filing a motion seeking a conversion of the case to chapter 7. The UST argued that, given the Debtors' alleged failure to properly disclose their assets, converting the case to chapter 7 was a far more appropriate remedy for creditors than dismissal of the case. The Debtors objected to any conversion to chapter 7.

In its October 6 Order, the bankruptcy court concluded that the language of 11 U.S.C. § 1307(b) did not provide the Debtors with an absolute right to dismiss.[1] Accordingly, the court denied the Debtors' motion to dismiss and indicated its intention to rule on the UST's motion to convert to chapter 7 in due course. The Debtors appealed the October 6 Order to this Panel and sought a stay of the chapter 13 pro-

ceedings pending appeal. That request for stay was denied. The bankruptcy court docket reflects that the bankruptcy court thereafter held an evidentiary hearing on the UST's motion to convert the case. Following that hearing, bankruptcy court granted the UST's motion and converted the case to chapter 7 (the "Conversion Order"). The Debtors failed to appeal that order.

## JURISDICTION

Before addressing the merits of a dispute, the Panel must determine that it has jurisdiction, even if the issue is not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724 (1st Cir. BAP 1998). This soil is well-tilled:

A bankruptcy appellate panel may hear appeals from " 'final judgments, orders and decrees,' . . . or 'with leave of the court, from interlocutory orders and decrees.' " *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998) *(citing* 28 U.S.C. § 158(a)(1) and (a)(3)). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Id.* at 646 (citations omitted). An interlocutory order " '[is a decision of] some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.' " *Id. (quoting In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). Given the nature of the usual bankruptcy

---

1. The docket indicates that the court held a hearing on the motion. But neither party provided a transcript of the hearing. Accordingly, we can not determine from the appellate record whether the bankruptcy judge further explicated his interpretation of 11 U.S.C. § 1307(b) or whether, having found legal support to exercise his discretion, he made oral findings in support of his view that dismissal was not appropriate in *this* case.

case, however, courts have "adopt[ed] a pragmatic approach in determining the finality of bankruptcy orders." *Bank of New England,* 218 B.R. at 647 *(quoting Official Bondholders Comm. v. Chase Manhattan Bank (In re Marvel Entm't Group, Inc.),* 209 B.R. 832, 835–36 (D.Del.1997)). Thus, a bankruptcy court order may be appealable if it "conclusively determines 'a discrete dispute within the larger case.'" *Id. (quoting Estancias La Ponderosa Dev. Corp. v. Harrington (In re Harrington),* 992 F.2d 3, 5 (1st Cir.1993)).

*Vicenty v. Sandoval (In re San Miguel Sandoval),* 327 B.R. 493, 504–05 (1st Cir. BAP 2005).

■ In this case, the Debtors—not a creditor—were the moving parties. This Panel has previously held that bankruptcy court order denying a *creditor's* motion to dismiss a Chapter 13 case is a final appealable order. *Id.* at 505. We see no reason why the finality of an order denying a *debtor's* motion to dismiss should fare any differently. Accordingly, we hold that October 6 Order was final when this appeal was commenced.

■ But jurisdiction once found can be lost. The Debtors did seek a stay of the October 6 Order, but that stay was denied and no further review of the denial of the stay was sought or obtained. *See* Fed. R. Bankr.P. 8011(e) (motions filed with the Panel during the pendency of an appeal may be determined by a single judge, but may be reviewed by the Panel). But proceedings in the case following the October 6 Order resulted in the Conversion Order. The Debtors did not appeal the Conversion Order or, upon entry of the Conversion Order, renew or seek a rehearing of their request for a stay of the October 6 Order based upon the seemingly changed circumstances.

■ Mootness in bankruptcy appellate proceedings is based on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief. *Rochman v. Northeast Utils. Serv. Group (In re Public Serv. Co. of New Hampshire),* 963 F.2d 469, 471 (1st Cir.1992); *Kasparian v. Conley (In re Conley),* 369 B.R. 67, 70–71 (1st Cir. BAP 2007). The jurisdictional component relates to the constitutional restriction prohibiting the judiciary from deciding cases in which no effective remedy can be provided. *Church of Scientology of Calif. v. U.S.,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) ("For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.").

■ The equitable component relates to equitable and pragmatic limitations on appellate jurisdiction over bankruptcy appeals. *Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.),* 136 F.3d 45, 48 (1st Cir.1998); *In re Conley,* 369 B.R. at 71. An appeal is moot for equitable reasons where the appellant's unwarranted or repeated failure to request a stay allowed events to develop in reliance on the bankruptcy court order to such a degree that meaningful appellate relief has become impracticable or impossible. *Id.* An appeal is moot for pragmatic reasons where the order appealed from has been implemented to such a degree that meaningful appellate relief is no longer practicable even though the appellant may have sought a stay with all due diligence. *Id.*

■ Quite problematic here is the present status of the case in chapter 7. The general rule is that conversion of a bankruptcy petition from one chapter to another moots any appeal taken from an order in the original chapter. *Beaudry v.*

*Mfr. & Traders Trust Co.,* No. 6:05–CV–893, 2007 WL 4324110, at *2 (N.D.N.Y. Dec.7, 2007); *see also Wells Fargo Bank v. Hunt (In re Hunt),* 550 F.3d 1002, 1003 (10th Cir.2008).[2]

> [C]ourts have consistently held that a "conversion of a bankruptcy proceeding from one chapter of the Bankruptcy Code to another generally obviates the need to further litigate the issues in the original proceeding, thereby mooting an appeal from the original proceeding." *Covington Capital Corp v. Campbell (In re Campbell),* 36 Fed.Appx. 388, 390 (10th Cir.2002). *see also In re Roller,* 999 F.2d 346, 347 (8th Cir.1993); *In re J.B. Lovell Corp.,* 876 F.2d 96, 99 (11th Cir.1989); *In re Technical Fabricators, Inc.,* 65 B.R. 197, 199 (S.D.Ala.1986). This is so whether the conversion is voluntary or involuntary and whether the appellant is the debtor or the creditor. *See In re Campbell,* 36 Fed.Appx. at 390.

*In re Mendy,* No. 03–521, 2003 WL 22038392, *3 (E.D.La. Aug.20, 2003).

The pragmatic reasons for this rule of mootness should be obvious. Bankruptcy cases do not remain in stasis. Upon conversion to chapter 7, a chapter 7 trustee is appointed and becomes the new estate representative. The chapter 13 trustee distributes or refunds monies under his or her control, files a final account, and seeks and typically obtains approval of the account and discharge of his or her responsibilities. The chapter 7 trustee conducts a new 11 U.S.C. § 341 meeting, which, in turn, creates relatively short deadlines for objections to discharge and dischargeability and objections to exemptions. The chapter 7 trustee may need to protect

nonexempt assets or may require court action. Assets may be liquidated or abandoned. And the estate may and likely will incur administrative expenses on account of the services rendered by the chapter 7 trustee and the trustee's court-approved agents. If the October 6 Order were reversed, few, if any, of the foregoing events could be undone.

Accordingly, the Conversion Order changed the case landscape. When the Debtors failed to appeal that order and seek a stay of its effect, meaningful effective appellate review of the October 6 Order in the preceding chapter 13 case became impractical or impossible.

### *CONCLUSION*

For the foregoing reasons, this appeal has become moot. We have consequently lost our jurisdiction to decide the issues raised. Accordingly, the appeal must be **DISMISSED.**

---

2. There may be particular circumstances when an appeal is not mooted by a conversion, such as orders in turnover proceedings under 11 U.S.C. § 542(a), because the property to be turned over is property of the estate in both chapters. *See White v. Brown (In re White),* 389 B.R. 693 (9th Cir. BAP 2008).