<u>PUBLISH</u>

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE EDWARD LENNY PINO, | BAP No. CO-23-008 |
| Debtor. | |
| _____ | |
| EDWARD LENNY PINO, | Bankr. No. 22-10351<br>Chapter 7 |
| Appellant, | |
| v. | |
| LYNN MARTINEZ, Chapter 7 Trustee,<br>JOHN STEWART, and KRISTA<br>STEWART, | |
| Appellees. | OPINION |

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Stephen Hyde Swift of the Law Office of Stephen H. Swift, P.C., Colorado Springs, Colorado for Appellant Edward Lenny Pino.

Jonathan Dickey of Kutner Brinen Dickey Riley, P.C., Denver, Colorado for Appellees John Stewart and Krista Stewart.

Harvey Kramer of Kramer Law LLC, Montrose, Colorado for Appellee Lynn Martinez, Chapter 7 Trustee.

_____

Before **HALL**, **LOYD**, and **HERREN**,[1] Bankruptcy Judges.

_____

**HERREN**, Bankruptcy Judge.

Litigants often ask courts to decide an issue based on the "plain meaning" of a statute. This well-established method of interpreting the law, however, requires that an individual statutory section not be plucked out of the context of its broader, statutory framework. In this case, the appellant debtor insists the plain meaning of 11 U.S.C. § 1307(b),[2] found in chapter 13 of the Bankruptcy Code, allows a debtor to retain an absolute right to dismiss a bankruptcy case at any time. However, the debtor fails to acknowledge the actual, plain language of § 1307(b), and also fails to recognize the plain meaning of § 103(j). That section, found in the General Provisions of the Bankruptcy Code, unequivocally states that chapter 13 of title 11 applies only in chapter 13 cases.

We conclude the Bankruptcy Court did not err when it determined the debtor's right to dismiss his bankruptcy case under § 1307(b) was foreclosed when a final order converting the case from chapter 13 to chapter 7 was entered two months earlier. As a

_____

[1] Mitchell L. Herren, Bankruptcy Judge, United States Bankruptcy Court for the District of Kansas, sitting by designation.

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code (the "Code"), 11 U.S.C. § 101 et seq.

2

result, we affirm the Bankruptcy Court's denial of the debtor's motion to dismiss the bankruptcy case.

## I.    Background

### A.  The Bankruptcy

John and Krista Stewart (the "Stewarts") purchased real property in Sacramento, California (the "Property") from the appellant in this case, debtor Edward Pino ("Debtor") in June 2017. Shortly after the Stewarts purchased the Property, they filed a lawsuit in state court against Debtor seeking recission and asserting claims of breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation and concealment, and infliction of emotional distress. A trial was set for February 7, 2022. Debtor filed his voluntary petition and plan for chapter 13 relief on February 3, 2022, and the trial was vacated.

The Stewarts—the only creditors in Debtor's bankruptcy case—filed a proof of claim in the amount of $1,031,527. The Stewarts also objected to confirmation of the chapter 13 plan, asserting (1) the plan was not proposed in good faith, (2) Debtor was not eligible for chapter 13 because his debt exceeded the statutory limits, and (3) the plan failed to comply with the best interest of creditors test. The Stewarts then filed a *Motion to Dismiss Debtor's Chapter 13 Case or, in the Alternative to Convert to a Case under Chapter 7* (the "Dismissal/Conversion Motion")[3] seeking dismissal or conversion of the bankruptcy case for "cause" under 11 U.S.C. § 1307(c) based on Debtor's alleged bad

---

[3] Dismissal/Conversion Motion, *in* Appellant's App. at 56.

3

faith and ineligibility. The Stewarts contended (1) the bankruptcy case was essentially a two-party dispute, (2) the bankruptcy was filed solely to stay the lawsuit, and (3) Debtor was not eligible for chapter 13 relief because his debt exceeded the statutory limits. The chapter 13 trustee also objected to plan confirmation on the same grounds.

On April 8, 2022, the Bankruptcy Court entered its order denying plan confirmation and vacating the April 14, 2022 plan confirmation hearing ("Order Denying Confirmation").[4] The parties then prepared for the June 13, 2022 hearing on the Dismissal/Conversion Motion. In his response brief to the Dismissal/Conversion Motion[5] and in his trial brief before the hearing,[6] Debtor argued *against* dismissal. Debtor never requested dismissal prior to the Bankruptcy Court's ruling on the Dismissal/Conversion Motion.

On September 30, 2022, the Bankruptcy Court entered an order converting Debtor's case to chapter 7 (the "Conversion Order").[7] The Bankruptcy Court determined the Stewarts's claim was liquidated, and thus Debtor's unsecured debts exceeded the statutory limits, which made him ineligible for chapter 13 relief. The Bankruptcy Court appointed Lynn E. Martinez as the chapter 7 trustee (the "Trustee"). Debtor did not appeal the Conversion Order.

---

[4] The Stewarts filed a request to set aside the portion of the Order Denying Confirmation that vacated the April 14, 2022 hearing on the grounds Debtor could not propose an amended plan resolving the debt limit issue or bad faith objection. Bankr. ECF No. 21. The Bankruptcy Court granted the motion but did not rule on any matters after the hearing. Bankr. ECF No. 29.

[5] Appellant's App. at 63.

[6] Appellant's App. at 66.

[7] Conversion Order at 10, *in* Appellant's App. at 80.

Debtor's original counsel then moved to withdraw from the case on October 4, 2022.[8] Debtor's current counsel entered his appearance on November 2, 2022.[9]

Two months after entry of the Conversion Order, and two weeks after the Trustee initiated an adversary proceeding seeking to set aside a number of allegedly fraudulent property transfers between Debtor, his wife, and two limited-liability companies he and his wife formed after the dispute with the Stewarts arose,[10] Debtor filed two motions. The first, a *Motion for Relief from Judgment,* sought to set aside the Conversion Order pursuant to Federal Rule of Civil Procedure 60(b)(1) (the "Rule 60(b) Motion").[11] The second was a *Motion to Dismiss or Transfer Case* ("Motion to Dismiss").[12]

In the Rule 60(b) Motion, Debtor asked the Bankruptcy Court to "retroactively stay" the Conversion Order to allow Debtor "an opportunity to voluntarily dismiss this case as a chapter 13 case"[13] and also argued there was a "facially obvious error of law" because "[c]onversion of this case to chapter 7 without giving the Debtor an opportunity to dismiss the chapter 13 case violated 11 U.S.C. § 1307(b)."[14] Additionally, Debtor

---

[8] *Motion to Withdraw as Debtor's Counsel with Notice*, *in* Appellant's App. at 81.

[9] *Entry of Appearance and Request for all Notices*, *in* Appellant's App. at 88.

[10] *Complaint*, *in* Appellant's App. at 96.

[11] Rule 60(b) Motion, *in* Appellant's App. at 103. All future references to Rule or Rules shall mean the Federal Rules of Civil Procedure when followed by two-digit numbers and Federal Rules of Bankruptcy Procedure when followed by four-digit numbers.

[12] Motion to Dismiss, *in* Appellant's App. at 107.

[13] Rule 60(b) Motion, *in* Appellant's App. at 104.

[14] *Id*. at 105.

asserted he was entitled to dismissal under § 1307(b), and that dismissal would be in the "interest of justice."[15]

On February 24, 2023, the Bankruptcy Court entered its *Order on Motion for Relief from Judgment and Motion to Dismiss or Transfer Case* (the "Order").[16] In the Order, the Bankruptcy Court (i) denied the Rule 60(b) Motion (the "Ruling Denying Reconsideration") and (ii) denied the Motion to Dismiss because Debtor was no longer a chapter 13 debtor since his case had already been converted to chapter 7 (the "Ruling Denying Dismissal"). It also determined venue was appropriate (the "Ruling Denying Venue Transfer").[17] On March 4, 2023, Debtor filed a timely appeal of the Order, but failed to specify if he was appealing all or only part of the Order.

### B.  The Appeal

On March 6, 2023, this Court entered an *Order to Show Cause* as to why a portion of the appeal (assuming Debtor was appealing all rulings in the Order) should not be dismissed as interlocutory.[18] Subsequently, a prior panel of this Court entered an order determining the Ruling Denying Venue Transfer was interlocutory and dismissed that

---

[15] Motion to Dismiss at 1–2, *in* Appellant's App. at 107–08. In the remainder of the Motion to Dismiss, Debtor argued in the alternative for a transfer of venue.

[16] Order, *in* Appellant's App. at 117.

[17] The Bankruptcy Court also determined Debtor was estopped from challenging venue and that transfer of the case to Tennessee was not appropriate. *See* Order at 15, *in* Appellant's App. at 131.

[18] This Court recognizes an order may be final in part and interlocutory in part. *See In re Hatcher*, 208 B.R. 959, 963 (10th Cir. BAP 1997), *aff'd sub nom. Wade v. Hatcher*, 133 F.3d 932 (10th Cir. 1998).

portion of the appeal.[19] The parties then filed briefs and addressed at oral argument only[20] the issue of whether a debtor has an absolute right to dismissal under § 1307(b) while proceeding in a chapter 7 case following conversion of the chapter 13 case to a case under chapter 7.

## II.    Jurisdiction

This Court has jurisdiction to hear timely appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[21] Debtor timely appealed the Order. The Order definitively ended the litigation on the merits of the following issue, thus making it appealable: whether a debtor has an absolute right to dismissal under § 1307(b) following a conversion order.[22] No party has elected to have the district court hear the appeal. Accordingly, this Court has jurisdiction.

---

[19] BAP ECF No. 16.

[20] *See infra* note 24.

[21] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[22] *See Catlin v. United States*, 324 U.S. 229, 233 (1945) (An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *See also Adelman v. Fourth Nat'l Bank & Tr. Co. (In re Durability, Inc)*, 893 F.2d 264, 266 (10th Cir. 1990) (noting "the appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary, or discrete controversy pursued within the broader framework cast by the petition"). *See also, e.g., In re Sasso*, 409 B.R. 251, 254 (1st Cir. BAP 2009) (order denying a debtor's motion to dismiss chapter 13 case is a final order); *In re Jacobsen*, 609 F.3d 647, 652 (5th Cir. 2010) (reviewing as final order denying motion to dismiss under § 1307(b) and granting motion to convert without comment); *In re Rosson*, 545 F.3d 764, 768–69 (9th Cir. 2008) (reviewing as final order converting case to a chapter 7 proceeding and denying request for dismissal); *In re Molitor*, 76 F.3d 218, 221 (8th Cir. 1996) (reviewing bankruptcy court's judgment denying debtor's motion to dismiss under § 1307(b) and granting motion to convert as final without comment); *In re Gilchrist*, Nos. WO–03–095, 02–19914–NLJ, 2004 WL 875522, at *1 (10th Cir. BAP

### III.    Issues on Appeal and Standard of Review

This Court finds one issue on appeal—whether a debtor retains an absolute right to dismiss a bankruptcy case under § 1307(b) following entry of an order converting a chapter 13 case to a case under chapter 7.[23] Debtor clarified during the appeal that he was

_____

Apr. 23, 2004) (unpublished) (reviewing as final order denying motion to dismiss and converting).

[23] Debtor presents the following as the issues on appeal:

1. Under 11 U.S.C. § 1307(b), does a bankruptcy court have authority to deny a debtor's right to dismiss a Chapter 13 bankruptcy case at any time based on a finding of "abuse of process"?
2. Does the unanticipated conversion of a case from Chapter 13 to Chapter 7 work a forfeiture of the debtor's right to request dismissal under 11 U.S.C. § 1307(b)?
3. Does the debtor have the right to request dismissal of his bankruptcy petition where, as here, his counsel did not contemplate the impact of conversion and therefore did not request dismissal until after the conversion order was entered?
4. 11 U.S.C. § 1307(b) provides: "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." Does a bankruptcy court have authority to deny a debtor's 1307(b) right to dismiss a Chapter 13 bankruptcy case at any time, based upon the case being converted to a case under Chapter 7? In other words, does the conversion *per se* vitiate the debtor's right to dismissal if the dismissal was without the debtor's consent?

Appellant's Opening Br. 1–2. A review of the record and briefing, however, reveals Appellant's Issues 2–4 are encompassed in the single issue before this Court. This Court notes Issue 1 is a different legal issue asserting the Bankruptcy Court erred by relying on *Marrama v. Citizens Bank*, 549 U.S. 365 (2007) to conclude an abuse of process results in a forfeiture of an otherwise absolute right. However, because we conclude a right to dismissal under § 1307(b) is unavailable after entry of an order converting a bankruptcy case to chapter 7, we need not decide this issue today.

not appealing the Ruling Denying Reconsideration.[24] This Court reviews the Bankruptcy

Court's interpretation of the Bankruptcy Code de novo.[25]

### IV.     Analysis

Chapter 13 bankruptcy cases are wholly voluntary bankruptcy proceedings

providing a debtor with an opportunity to retain personal property under a proposed plan

and repay debts over a three-to five-year period.[26] Recognizing the reality that many

debtors may not successfully complete a chapter 13 plan, or that some debtors may not

ultimately be eligible for relief under chapter 13, Congress drafted specific statutory

language in § 1307 allowing for dismissal, or conversion of a chapter 13 case to a case

under chapter 7, in certain circumstances.[27] Specifically, § 1307(b) provides a chapter 13

debtor is entitled to a voluntarily dismissal at any time during a chapter 13 bankruptcy

case. It states: "On request of the debtor at any time, if the case has not been converted

---

[24] Debtor unequivocally stated in his reply brief that he was only appealing the Ruling Denying Dismissal. *Brief of Appellant to Reply to Chapter 7 Trustee Response* at 1–2; *Brief of Appellant to Reply to the Brief Filed by John & Krista Stewart* at 1–2. Debtor also indicated the same at the January 12, 2024 Oral Argument. *See* Oral Argument at 6:50-59 ("We're only appealing that part of the order denying dismissal . . . for strategic reasons."); Oral Argument at 6:12-23 ("Correct that not appealing denial of 60(b)(1)."). Together, Debtor has made clear he is not appealing the Ruling Denying Reconsideration. Accordingly, we are not considering the Ruling Denying Reconsideration in this appeal. *See, e.g.*, *U.S. v. Regan*, 627 F.3d 1348, 1354 (10th Cir. 2010) (taking into consideration concessions made at oral argument).

[25] *See Taylor v. Taylor (In re Taylor)*, 737 F.3d 670, 674–75 (10th Cir. 2013) (reviewing whether a bankruptcy court erred in its interpretation of the Bankruptcy Code de novo).

[26] *See* §§ 1306(b), 1322, and 1327(b).

[27] *See* § 1307(a)–(c).

under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."[28]

Here, the Bankruptcy Court determined neither the Bankruptcy Code, nor case law, supported the conclusion that Debtor had an absolute right to dismiss the bankruptcy case under § 1307(b) because he was no longer a chapter 13 debtor. Accordingly, the Bankruptcy Court determined Debtor could not obtain relief under § 1307(b).

Debtor contends § 1307(b) is unambiguous and provides a chapter 13 debtor in his situation with an absolute right to dismissal. As support, Debtor cites *In re Nichols*,[29] in which the Ninth Circuit determined a chapter 13 debtor has an absolute right to dismissal under § 1307(b). Debtor asserts *Nichols* demonstrates there is no time limitation to file a motion to dismiss under § 1307(b) because there, Debtor contends, the debtor's motion to dismiss was filed after the bankruptcy court entered an order converting the case to chapter 7. This Court disagrees with that contention about the timing of the motion to dismiss in *Nichols*, as will be discussed below.

Debtor also argues the Bankruptcy Court's decision violates basic principles of statutory interpretation, arguing the statute does not confine a chapter 13 debtor's time to file a motion to dismiss to the time frame before the case is converted to a different chapter. He then cites *Law v. Siegel*,[30] which emphasized that courts do not have the power to rewrite statutes. Simply put, Debtor asserts the plain language of § 1307(b)

---

[28] § 1307(b).
[29] 10 F.4th 956 (9th Cir. 2021).
[30] 571 U.S. 415, 424 (2014).

provides a debtor who filed a petition under chapter 13 (whose case was not converted to chapter 13 under § 706, 1112, or 1208, as his undisputedly was not) with an absolute right to dismiss the bankruptcy case at any time, even after conversion from chapter 13 to another chapter.

The Stewarts assert the Conversion Order extinguished Debtor's § 1307(b) right to dismiss. They, along with the Trustee, also contend Debtor's reliance on *Nichols* is misplaced.

The Tenth Circuit has not addressed this specific question, but the Supreme Court has provided guidance in *Harris v. Viegelahn*.[31] There, the Court pointed out that, once a case is converted from chapter 13 to chapter 7, the chapter 13 trustee is terminated and a chapter 7 estate is created, and "[w]hen a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway."[32]

As *Harris* pointed out, the Bankruptcy Code itself is clear that provisions in chapter 13 of the Code such as § 1307(b) do not apply to a case that is in chapter 7. Section 103(j), in the General Provisions of the Code, applies to both chapter 7 and 13 cases.[33] It states, "Chapter 13 of this title applies only in a case under such chapter."[34] For

---

[31] 575 U.S. 510 (2015).

[32] *Id.* at 515, 520 (also observing "the cited [Chapter 13] provisions had no force" in the bankruptcy case "for they ceased to apply once the case was converted to Chapter 7"). *See also, e.g.*, *In re Skandis*, 648 B.R. 918, 923 (6th Cir. BAP 2023) (concluding § 1307 did not apply after a case had been converted).

[33] § 103(a).

[34] § 103(j).

this Court to find Debtor's argument correct, that the plain language of § 1307(b) mandates a debtor can dismiss his bankruptcy case after it has been converted to chapter 7, this Court would need to rewrite the clear words of § 103(j).[35]

Debtor's argument that the plain language of § 1307(b) mandates dismissal, despite prior conversion to chapter 7, also ignores the plain language of § 1307(b). The statute says in pertinent part, "[o]n request of the debtor at any time . . . the court shall dismiss a case *under this chapter*."[36] Section 1307(b) itself makes clear it applies to a case under chapter 13. It does not say it applies to a case formerly under chapter 13, but now under another chapter. This self-limiting language in § 1307(b) is consistent with the language of § 103(j), which states chapter 13 of the Code only applies to cases in chapter 13.

Debtor's reliance on *Nichols* to attempt to circumvent the reality that his case was no longer under chapter 13 when he sought dismissal is misplaced. In *Nichols*, a case involving competing motions under § 1307(b) and (c), the bankruptcy court determined conversion was warranted, but *delayed* entry of the conversion order for thirty days.[37] The debtors then moved to dismiss under § 1307(b) before the thirty days expired, thus before the case had been converted to chapter 7, but the bankruptcy court denied the debtor's motion to dismiss and converted the case to chapter 7.[38] On appeal, the Ninth

---

[35] *Law v. Siegel*, 571 U.S. at 421(admonishing that courts cannot and should not rewrite the words of a statute.

[36] § 1307(b) (emphasis added).

[37] *In re Nichols*, 10 F.4th 956, 958–59 (9th Cir. 2021).

[38] *Id.*

Circuit reversed the bankruptcy court's decision, explaining a chapter 13 debtor's absolute right to dismissal under § 1307(b) triumphed when competing § 1307(b) and (c) motions were presented. The Court also noted that an order granting a creditor's motion to convert a case under § 1307(c) would foreclose a chapter 13 debtor's absolute right to dismissal under § 1307(b).[39]

Here, the Bankruptcy Court entered the Conversion Order approximately two months prior to Debtor filing his Motion to Dismiss. Thus, Debtor was not in chapter 13 at the time he filed his Motion to Dismiss, rendering a dismissal under § 1307(b) unavailable.[40]

We therefore conclude Debtor did not retain an absolute right to dismiss his bankruptcy case under § 1307(b) on the facts present here. Accordingly, we find no error in the Bankruptcy Court's conclusion.

## V.    Conclusion

Because the Bankruptcy Court did not err in determining a prior conversion under § 1307(c) forecloses a debtor's right to dismissal under § 1307(b), we AFFIRM the Bankruptcy Court's denial of the Motion to Dismiss.

---

[39] *Id.* at 964 ("[T]hat is no more significant than the fact that an order granting a creditor's motion to convert under § 1307(c) would foreclose dismissal under § 1307(b)" and, "in the event of competing motions filed under subsections (b) and (c), one subsection will inevitably prevail at the expense of the other.") (quoting *In re Barbieri*, 199 F.3d 616, 620 (2d Cir. 1999)).

[40] *See In re Skandis*, 648 B.R. 918, 923 (6th Cir. BAP 2023) ("Section 1307(b) provides an absolute right for a debtor to dismiss her chapter 13 case, so long as two conditions are met. The debtor must REQUEST dismissal, and she must do so BEFORE the case is converted.").